Case No. 14-1049 et al., UC Health Petitioner v. National Labor Relations Board Mr. Hastings for the petitioner, Ms. Isbell for the respondent. Case No. 14-1049 et al., UC Health Petitioner v. National Labor Relations Board I'll initially address waiver briefly and then move to the merits. On waiver, initially this issue isn't subject to the non-relitigation rule, because the board's quorum is not a representation issue. It doesn't go to things like voter eligibility, scope of the unit, how the election should take place. It's none of those things. Indeed, am I not correct, even if the employer and the union stipulate to an election, there certainly can be an objection afterwards based on conduct that wasn't anticipated in the stipulation, such as a speech that is improper, etc., etc., etc. That's correct, Your Honor. So the stipulation doesn't preclude in a normal situation either party from objecting to the election. That's right. The stipulation just resolves things like mechanics, like when the election's going to be, who's going to vote, what's the unit. It doesn't address these other issues that can still be raised. And, Your Honor, it wouldn't have made sense for you to try to litigate the board's quorum in a representation case because it's curable. I mean, the election stipulation was reached 30 days before the election took place. The Senate could have confirmed board nominees. There could have been people put in through a proper recess appointment. It's not the sort of issue that makes sense to litigate in a representation case at all. But, and to be honest, Your Honors, the board's procedures are not set up to address the quorum. It's really something that the board is not set up to address. Even in an unfair labor practice case, when you appeal from an ALJ decision, you don't know when the board's going to decide it or who's going to be on the board at the time it takes place. So you couldn't preemptively raise, you know, a board quorum issue. It just is sort of a hard issue for the board's processes to deal with. And that leads to the only other point I'd like to make on waiver orally is null canning. I feel some trepidation when I start talking about that because I have a null canning panelist in front of me. So it may be presumptuous for me to tell Judge Griffith what this means. But null canning squarely held that the quorum issue raises extraordinary circumstances, which would excuse a total failure to present the issue to the board. I think, in part, that could be based on this procedural problem. It's like, how do you present that issue to the board? When? How? It's hard to do. Also, of course, goes to the importance of the issue. There's a more fundamental question. If there ain't no board, how can you raise it to the board? And if the lack of a quorum is equivalent to having no board. I completely agree with that. It really is a jurisdictional, it's a power jurisdiction issue. And I think that was suggested, your position was suggested in a prior case in Yardmaster. A long time ago. I don't know who wrote Yardmaster. But the only difference between our case and null canning is that our case is better because we did present the issue to the board in the unfair labor practice case. They did get a chance to address it. In null canning, the board never got a shot at this issue, period. Ever. And the court still considered it. So we think this issue is properly before the court for those reasons. You think it's just the merits of the case are completely resolved by Laurel Bay? Well, Laurel Bay and Logic. No, Laurel Bay didn't address this issue. That's not the way we apply precedent. If there's dictum in a prior case, we don't hook onto it. Laurel Bay had nothing to do with whether or not, In fact, the Supreme Court has said in its own footnote that regional directors and general counsels are different. And they are obviously different. The regional directors here had delegated authority that was uncontested. And when you certified to the election, did not in any way protest to it. The regional director's work was done, properly done, lawfully done. And that was the end of it. Had nothing to do with the board's forum. Nothing. Now, Your Honor, I mean, I certainly agree that the regional director is different from the board. But it's not a distinction that makes a difference in this case because the regional director needed statutory authority to certify the election. The regional director had statutory authority for the prior delegation, which was not in any way in dispute. But there was no power to delegate. At the time, the delegation was made pursuant to the board's statutory authority. No one said there were only two board members who did it. That delegation existed long before this case. It was in place. And we don't suppose that government officials within a hierarchy take people of justice who have prior delegation, if the attorney general leaves, we don't assume everyone under the attorney general has delegated authority, stops operating. The regional director and general counsel have their own authority, which is uncontested here. Totally lawful, uncontested. And the board was not involved in this case. You did not intend to object to anything about this election, which you could have, and made it a board question. And then you could have argued the board has no authority. You ended it the way lots of employers do by saying, okay, it's done, the election is done, we don't object to the unit, we don't object to the certification, it's over. And the regional director acted lawfully. The regional director simply couldn't act without the board's permission. There's no case that I can find to support that notion. Well, I agree that this is a case of first impression as far as I can tell. All right, but I don't understand the argument. The only thing you're writing is Laurel Bay, and they didn't decide this case. Well, the argument, Your Honor, I think is fairly straightforward. The key statutory provision is Section 3B of the Act. There are three sentences of 3B that are at issue. The first sentence of 3B is the board delegation to the board itself. That's explicitly addressed by Laurel Bay and the Supreme Court in the process. And that's all that Laurel Bay is about. And then the second sentence is the issue in front of us now, which allows for a more narrow delegation to the regional directors on certain issues. Which was pre-existing, uncontested, and lawful. We agree that the delegation from 1961 is okay as long as the board has a quorum. Where does the statute say that, as long as? Because of the third sentence. I mean, it's just made up out of whole cloth. It is so strange. It suggests you're shaking your head, but there's no authority to support what you're shaking your head over. There's no authority to suggest that an agency goes kaput if one piece of it is non-operative because for want of a quorum. Counsel, may I ask a question? If Judge Ogilvie will allow me to just make a point. Isn't your argument as the logic of Laurel Bay, the agency logic of Laurel Bay, which your argument binds us, applies to the regional director? Certainly, Your Honor. And although the Supreme Court did not adopt it, it did not reject it. It left it open. That's correct. And the rest of your argument, I guess, is the general counsel stands under 10J, the authority, stands in an entirely different position than the regional director. Because there's no provision whereby a party can appeal a general counsel's seeking of an injunction under 10J to the board. But there is a provision whereby anybody can seek an appeal from a regional director's determination to the board. So that... Which you didn't do. And your argument is you couldn't do it if there's no board. It's meaningless to say you waived a right to appeal to a non-existent character. Right. There's no board to appeal to. And I agree completely. I mean, the general counsel is a totally different animal. The board delegation to the general counsel... You said that during the proceeding. There's something about this election that we would object to in the normal course, but we can't because there's no board. That's nonsense. That's not what you said. Sin after thought. This is total nonsense. You accepted everything about that election. You did not object to the unit composition, the votes, the board certification, the regional director certification. You could have, and you could have said and preserved it, you could have said, you know, there's a piece of this that we want to object to, but we don't think there's a board there. You didn't say that, so you closed it out. Well, no. What we are objecting to is an attempt to certify the election without a valid board. It needs board power. It doesn't need board power. The regional director has to exercise board power. That's for magnesium casting. Preceding delegation certified the regional director to operate. It's not like the cases you're talking about where the board isn't there and a group of the board is trying to delegate to itself in a way that is impermissible because there are not enough board members. This is a preceding delegation. But what I would say, Your Honor, is that the third sentence of 3B, the must have a quorum at all times, it limits section 2, sentence 2 of 3B, as well as sentence 1. It doesn't skip sentence 2 and only apply sentence 1. Yeah, I wonder what the Supreme Court had in mind in their footnote. Well, they left the issue open, Your Honor. I agree with that. But Laurel Bay's argument is that the at all times, which was so important in Laurel Bay, applies here as well? Absolutely, because the third sentence follows directly the second sentence. It's illogical to say from the structure of the statute to say that it skips the second sentence, limits the delegation to the board in the first sentence, but ignores the second sentence delegation. So Yardmaster is still good law in this circuit, right? Yardmaster is good law and Laurel Bay is good law. Sure. So we need to harmonize them. Doesn't Yardmaster and Laurel Bay, when read together, stand for the proposition that we need to look to the function that's being delegated? And in Laurel Bay, the function that was being delegated was adjudicative, right? That was a major point that Judge Sentel argued again and again. It was an adjudicative function. We don't have an adjudicative function here that's being delegated. We have an administrative function. And we actually have an administrative function that isn't a final word, whereas in Laurel Bay, it was an adjudicative function that was the final word. When the adjudication was done in Laurel Bay by the two, that would be the end of it. That's not the case here. Regional director makes a decision here. That's not the end of the matter, at least as regards the agency, right? That decision can be objected to or the parties can agree to it themselves. So don't we have a very – if Yardmaster tells us you look at the function and Laurel Bay tells us we're just looking at the adjudicative function here, we have a different case here when we just have administrative and not adjudicative function. Why isn't this a very different case than is Laurel Bay? Sure, because, Your Honor, it's a board function. It takes board power to certify. But the board gave them that function back in 1961, right? Right. And the board retained, delegated that authority to the regional director, and the board retained the authority to review, right? But, Your Honor, it doesn't make any sense under the statutory structure or the existing precedent like Laurel Bay to say that the regional director can do something that the board cannot do. It's undisputed that the board could not certify this election. It didn't have a quorum. It didn't have power. So we're making the regional director better than the board. That is just not the case. There's so many cases where the regional director is the end of the question in the certification process because the party doesn't object to anything about it. The board's not in play. It's entirely different from what we're talking about in these other cases. The board is not in play when the regional director, exercising that long-existing authority, says, here's what I'm doing. Neither party objects to what has been done. It's over. It's an administrative responsibility, and it's over. But, Your Honor, the board is always in play because the regional director is acting in place of the board. Unless a party objects to what the regional director has done, and you didn't object to that. You did not object, as you could have, to the certification process and say, we are objecting to the unit, we're objecting to the vote, or whatever it is that was there to object to. There wasn't anything to object to. I guess the thing where I don't think Your Honor and I are on the same page is that, in our view, the board is always in play in these issues because the regional director is stepping in the board's shoes. It's not stepping. The board has delegated certain power to the regional director. I mean, I think magnesium casting says that the regional director is acting to the board. It's delegated power, right? And it's not the same as an adjudication. But there wasn't any power to delegate when the board didn't have a quorum. It was long ago delegated. The thing I don't get at all, the logical extension of your argument is a lot of agencies will collapse internally because they will not be able to function under your theory because there are all kinds of folks within agencies who have delegated administrative authority. And your argument is they can't continue to operate if the head of the agency doesn't have a quorum. Our argument is more narrow than that, Your Honor. It's only the second sentence delegation that we're asking should fall. So it's things like certifying an election. That's the stuff that falls. It's only second sentence of section 3B that's at issue. We're not saying that the lights have to go out, that the NLRB or the regents have to stop investigating them for labor practices or the general counsel has to stop. We're just saying that you can't certify elections when you don't have any board quorum. Counsel, may I ask you one question about yardmaster? As I recall, and this is interesting since Judge Edmunds is here and he wrote the opinion. As I recall on yardmaster, you have a sharp distinction from this case because the National Mediation Board specifically authorized the delegation to one member. Wasn't that correct? I think that's right, Your Honor. I'm not quite as sure on that one. You should be. Yeah. That's my recollection of yardmaster. There's a specific statute that allows the delegation to one member. And Judge Edmunds was very careful when he was writing that opinion to make sure it was narrow. He instead said it was narrow. So I don't see that yardmaster is in any way in conflict with the NLRB. I don't get it. I don't think that. I mean, the RLA is a different animal than the NLRA. Yes, but particularly on this point. Right. I mean, I don't think yardmaster gives us problems. I mean, the thing that I guess where Judge Edmunds and I seem to be disagreeing. If I were you, I would have read yardmaster carefully enough to answer my question. I think it would have. You're right, Your Honor. That would have been helpful. I guess I'm way over. Unless there's more questions, I'll... We'll give you back a minute or two for rebuttal. Thank you. May it please the Court. Can I write about yardmaster? Yes, Your Honor. Okay. May it please the Court, Kelly Isbell here on behalf of the National Labor Relations Board. The company waived its challenge to the regional director's authority by not raising that challenge at the time appropriate under the board's procedures. That's not consistent with our law. Yeah. That's not consistent with Law of the Bay. It's not consistent with other cases. Whatever arguments you have on the merits, the waiver argument seems to be disposed of by Law of the Bay, isn't it? I don't think so, Your Honor. This case is... And I had a case, too, in which I dropped a footnote on that, didn't I? This case is not about the board's quorum. This case is about... I know, but it's a structural question. We've said in the past that these kinds of questions are not waived. Questions about the board's jurisdiction? Authority. I mean, in Noel Canning... Didn't we say that in Morro Bay? I don't think so, Your Honor. Before we got submerged and we decided that we could reach the issue of the merits even though it was argued there was a waiver? I think we're talking about Noel Canning, perhaps? Both. I mean, Noel Canning... Both cases. In Noel Canning, the court did not say that the issue was jurisdictional, just that it found extraordinary circumstances to raise the issue. Right, that you're challenging the basic authority. Right. So isn't that law-bindingness? This case, I think the argument for waiver here is very different. In Laurel Bay and Noel Canning, the courts were discussing the board's authority to issue adjudications. Here what you have is a very different kind of delegation and a different kind of authority. It may be a different kind of authority which goes to the merits, but it's certainly not a different kind of question for waiver. I think it is in this particular case. But the argument that the regional director's authority stops if there's no board is a structural question just as it was true in Noel Canning. It's true with Yardmaster, too. Yardmaster also said there's no waiver. In this case, Your Honor, we have a stipulation. We have a contract between the employer and the union. Well, now you're going to stop an issue, aren't you, which the board didn't rely on? Well, the board in its order stated that one of the reasons it was denying that it was finding an unfavorable practice and not reviewing the objection was because neither party requested review of the regional director's decision. Part of that failure to request review was this. Suppose there was no board. Suppose there's zero board, there's no members, and you're still saying that a party has to seek review of a non-board board? I know where you're going. There's a line in Yardmaster's about there being absolutely nobody at the top. I thought I read these opinions in my college book. In this case, of course, there were people at the top. Suppose there was zero. There's no board. It's gone. You're saying you must, as a party in the position of the petitioner here, seek review of a non-board board. Think about it this way. No, answer the question. Yes, in this particular case. You still have to seek review of a non-board board. In this particular case. No, yes. You have to seek review of a non-board board. No, in my hypothetical, not in your particular case, in my hypothetical, if no board existed. If no board existed, I honestly do not know what the board's procedure would be. We have an executive secretary there. People have faxed him. Okay, so there's no members. You could easily hypothesize that. There are no members. They're gone. And their terms have run out in the Congress and won't confirm anybody else. Zero. Right. So a party still must seek review of a non-board board. You're trying to distinguish this situation because there was no contest with respect to the certification process. Yes. Which is what a party would seek review from. Yes, Your Honor. And really, this goes to the merits of Judge Silverman's right. It's a more structural question. But here, they had nothing to contest there. This was good. So the only question is whether or not there's some validity to their argument about the authority of the regional director to continue operating, which to me seems insane. I'm trying to say it as clearly as I can. I've never seen it. There's no authority for it. And as Judge Griffiths says, it has to do with an administrative function, not an adjudicatory function. There was nothing to appeal to the board at that moment. But they found a game to play after the fact. After the union won the election, Your Honor. Right. And that's what your argument is. So it's really, you get off the forfeiture. It's about this is a structural question. There's no validity to the claim that the regional director lacked authority to certify the election, which was uncontested. Why doesn't the regional director have adjudicatory authority? He certainly does. I didn't hear the last part. The regional director certainly has adjudicatory authority. Not in terms of issuing final orders or legally enforcing them. No, but it has adjudicatory authority. Regional directors sit in adjudication of our cases all the time. Our cases are not, what's the word? Our cases are different than unfair labor practice cases. They're both adjudicatory. Not exactly. I mean, the board, no, all our case decisions are subject to board review. Counsel, I have tried our cases back in the memory of man, one if not to the contrary, for years. There are adjudicatory cases in which the regional director makes an adjudicatory decision, and you can appeal that to the board. And in this case, even though you have a stipulation, you could easily have had issues arise preceding the conducting of the election, or the conducting of the election, which could have been grounds for either party to object. In which case, the regional director would have a hearing, reissue an adjudicatory decision, which could be appealed to the board. Absolutely. I'm only troubled about the distinction between administrative and adjudicatory, when I know perfectly well the regional director does engage in adjudicatory functions. But the regional director can never issue what we call a final order. That's the argument. That's the petitioner's argument. If the regional director issues a decision, you always have an adjudicatory. That's true of an ALJ, too. An ALJ can't issue a final order, either. That's true. That's adjudicatory, isn't it? The case before the ALJ? It is adjudicatory. So why is that adjudicatory in our case before the regional director is not adjudicatory? Representation decisions are not supposed to be adversarial. Wait a minute, counsel. But the decision is final if it's uncontested. If it's uncontested. Well, that's the point. I mean, that's the distinction you have to ride on. And that's where their argument is fragile at best. It's final if it's uncontested. And if they had something to contest, I can't imagine this court – actually, I can imagine it. But I would find it surprising if we would turn away and say, well, it's okay that you didn't protest the vote when you could have. You said nothing about it until now. It would seem to me even if there was no board, if you went through an election and you thought there was something infirm that the regional director did, you would put that on the record. And you would say, we can't get to the board, but we're preserving our rights if that day ever comes. We're not buying what the regional director did. That's not this case. They accepted the final judgment. Final judgment. You're wrong on that. It's a final judgment of the regional director, uncontested. Right, if it's uncontested, as it was in this case. But all R.D. decisions have the possibility of board review. If there is no board, the regional directors tee those cases up. And when there is a board with a proper quorum, those cases will be decided by the board. But in this particular case, they agreed. They raised no issue until the union won the election. And that's what's... That's the waiver argument. That's the waiver argument. Suppose we reject the waiver argument based on the authority of other cases we have. Then what about the merits? Laurel Bay is distinguishable, and it's a very different case. I mean, Laurel Bay was very concerned about the board issuing final orders, requiring parties to do things when the board didn't have a quorum. This case is about a delegation of only representational authority. It's been in effect since 1961. Congress recognized when they amended the act in 1959 that it was taking the board too long to process elections and that the regional directors had the expertise to do that. As I said before, every regional director decision, if contested, you have an opportunity to go to the board for final review. If you don't contest it, then you live with what the regional director says. And in effect, in fact, that's what happens in a majority of our cases. They settle out. People go to elections. Are you making a waiver argument again? No, I'm making a structural argument. Okay. Get off the waiver argument. Say, no, Judge Silverman, it is not the waiver argument. He wants to ride that. Say, I don't want to be there, Judge Silverman. I'm going with that. I'm not surprised. Okay, so what is interesting here is the merits argument and the waiver argument are very similar. From the point of view of the petitioner. The waiver argument is, I couldn't make this argument because there was no board to make the argument to. And that's the same argument on the merits. It is fundamentally unfair to the union and the people who voted in that election to not raise issues that were available at the time. This was not a secret problem. This Court's Noel Canning decision came out months before the election petition was even filed. It is unfair to wait until the union wins the election and then protest that the regional director didn't have authority. So in that way. That was also true in Laurel Bay, isn't it? Laurel Bay was about the board's authority. No, isn't it? It's the same argument. It's unfair to raise the issue late. Wasn't that true in Laurel Bay too? If you were right now, Laurel Bay would have come out the other way. That's a waiver argument. That's the fundamental point of waiver. Unfairness. And we've resolved those. Do you have any further questions? No. Thank you. I guess I'll only make two points. To the extent that the distinction between administrative function and adjudicative function seems important to the Court. I mean, in our case, the certification is the culmination of it's an adjudication of the R. I mean, that's how it ends with an election. How is it an adjudication? They count the votes. They run the election. They count the votes. And they say, you won, you lost. Where's the adjudication in that? Because when they issue the certification, that is the equivalent of the judgment. It's like the ALJ presentation. The respondent, Judge Griffin, could point out that there are many, many, many situations where the regional director sits as an adjudicator on the question of what is the appropriate unit, who should vote, or even subsequent to the election. Did somebody do something? Did somebody make a captive audience speech on a peerless firewood 24 hours before the election? Did something else happen at the day of the election which is objectionable? Either party could make a challenge to that despite the stipulation. And the regional director has a hearing and sits as an adjudicator, right? That's exactly right. That's how it works. Yes, I know. Have you done any of these? Yeah, sure. I mean, most of the time, as you know, most things are stipulated. I mean, but, yeah, we fight these sometimes when there's a reason to do so. Even if there's a stipulation? Yes. If something bad happens, right. That's right. But functionally, this is about power. I mean, the second sentence of Section 3B, those are board functions that have to be done by the board. They can't be done by the regional director, by delegation, when the board doesn't exist. And then the only other thing I guess I would say is the policy arguments that they're trying to make, this is a narrow case. It will only affect the second sentence of Section 3B. It doesn't go any further than that. It doesn't affect the general counsel. It doesn't affect things like appointing regional directors. It's a narrow case, but we think that the statutory functions in the second sentence of 3B can't be performed by the regional director in the absence of the board because the regional director isn't any better than the board. If there aren't any other questions, that's all I think I'd like to say. Thank you very much. Thank you. Please sit down.
judges: Griffith, Edwards, Silberman